**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,** <br> **Plaintiffs,** <br> **v.** <br><br> **TOWER HEALTH,** <br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Case No. 22-cv-4580-JFM** |

**NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On May 30, 2023, Plaintiffs filed a Second Amended Complaint ("SAC") in this case that included claims under the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*. and for common law negligence and invasion of privacy. *See generally* SAC [Doc. 40]. Defendant filed a Motion to Dismiss these claims. *See* Mot. to Dismiss Mem. [Doc. 43-2].

To inform the Court's consideration of the sufficiency of their pleadings and Defendant's Motion, Plaintiffs respectfully submit the attached Opinions that, in granting and denying defense motions to dismiss in *Doe v. Meta Platforms, Inc. et al.*, N.D. Ca. Case No. 22-cv-03580 (Exhibit A), and *Doe v. Regents of the Univ. of Calif.*, N.D. Ca. Case No. 23-cv-598 (Exhibit B), reinforce the propriety of Plaintiff's claims and undermine Defendant's requested relief.

*Doe v. Meta* is the consolidated class action lawsuit filed against Meta for legal violations flowing from its installation of Meta Pixels on hospital websites nationwide, so involves facts and claims similar to those in this action. *Doe v. Meta*, 2023 WL 5837443, *1 (N.D. Cal. Sept. 7, 2023) (Exhibit A). In that case, like Tower Health here, Meta filed a motion to dismiss arguing that the plaintiffs did not state a claim under the Electronic Communications Protection Act, 18 U.S.C. § 2510, *et seq*., ("ECPA") because they had not pled the interception of ECPA-covered

"contents." *Id.* at *3. The *Doe v. Meta* court rejected Meta's (and Tower Health's) argument, holding that communications including descriptive URLs (*i.e.*, a "path" and "query string") satisfy the ECPA definition of "content," because they convey the substance of the communication (*i.e.*, the patient's request for information about specific conditions, treatments, providers, locations, etc...). *Id.* at *4. Further, although *Doe v. Meta* dismissed the plaintiffs' negligence claim because it was based on a duty created by HIPAA, it granted leave to amend so the plaintiffs could identify a state-law source of the duty of care. *Id.* at *13. Plaintiff's SAC contains all the key ECPA and negligence allegations identified in *Doe v.* Meta: that Tower Health intercepted ECPA-covered "contents," and breached a duty of care imposed by state-law, 28 Pa. Code § 115.27 (as well as duties of care imposed for the conduct at issue on eight other grounds). *See* SAC at ¶¶ 3, 26, 59, 66-67 (ECPA interception) and ¶¶ 74-82 (duty of care) [Doc. 40]. Thus, under the reasoning in *Doe*, Plaintiff's SAC pleads viable ECPA and negligence claims and the Court should deny Defendant's Motion to Dismiss these claims.

Likewise, *Doe v. Regents of the Univ. of Calif.* involves facts and claims similar to those in this action, namely, a hospital's use of Meta Pixels to intercept and disclose sensitive medical information to Meta. *Doe v. Regents*, 2023 WL 3316766, *1 (N.D. Cal. May 8, 2023) (Exhibit B). In that case, like Tower Health here, the defendant hospital filed a motion to dismiss the plaintiff's invasion of privacy claim because she had not adequately pled its conduct was "highly offensive." *Id.* at *4. The *Doe v. Regents* court rejected the defendant's (and Tower Health's) argument, holding that allegations the hospital had transmitted and disclosed the plaintiff's sensitive medical information to Meta are sufficient to support an intrusion upon seclusion claim. *Id.* at *5-6 ("Personal medical information is understood to be among the most sensitive information that could be collected about a person, and I see no reason to deviate from that norm"). Plaintiff's SAC

pleads no less than nine grounds supporting the conclusion that Tower Health's use of Meta Pixels to intercept and disclose sensitive medical information to Meta is highly offensive, far more than the allegations held to be sufficient in *Doe v. Regents*. *See* SAC at ¶¶ 99-109 [Doc. 40]. Thus, under the reasoning in *Doe*, Plaintiff's SAC pleads a viable privacy claim, and the Court should deny Defendant's Motion to Dismiss this claim.

The reasoning in these two, factually-analogous decisions supports the sufficiency of Plaintiff's ECPA, negligence, and privacy allegations in this case, so suggests the Court should deny Defendant's Motion to Dismiss [Doc. 43].

Respectfully Submitted,

Dated: September 18, 2023

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: September 18, 2023 /s/ *David J. Cohen*