**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK SANTORO and JESSICA LANDIS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TOWER HEALTH,<br><br>*Defendant*. | Case No. 5:22-cv-04580-JFM<br><br>JURY TRIAL DEMANDED |

**DEFENDANT TOWER HEALTH'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

On September 18, 2023, Plaintiffs filed a Notice of Supplemental Authority ("Notice") that was filed without leave of this Court, addressed a decision that predated their Opposition to Defendant's Motion to Dismiss ("Opposition"), and improperly included argument—effectively rendering it a surreply. In the event this Court decides to consider Plaintiffs' Notice, Defendant Tower Health ("Tower") respectfully requests that the Court also consider the following Response and grant Tower's Motion to Dismiss, ECF 43.

In their Notice, Plaintiffs address two decisions involving Meta Pixel technology: (1) *Doe v. Meta Platforms, Inc.*, Case No. 22-cv-03580, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) (Exhibit A, ECF 50-1) and (2) *Doe v. Regents of the Univ. of California*, Case No. 23-cv-598, 2023 WL 3316766 (N.D. Cal. May 6, 2023) (Exhibit B, ECF 50-2). Both decisions are factually distinct and feature different legal arguments than those raised in the instant case. *Meta Platforms* solely involves claims against Meta, while the *Regents* decision—which was decided well before Plaintiffs filed their Opposition—addresses specific allegations that a visit to specific webpage

resulted in targeted advertisements. Despite Plaintiffs' assertions otherwise, neither decision supports the arguments raised in Plaintiffs' Opposition to Defendant's Motion to Dismiss. Instead, both decisions actually demonstrate why this Court should grant Tower's Motion to Dismiss.

To begin, Plaintiffs incorrectly argue that *Meta Platforms* supports their claim under the federal Wiretap Act. In *Meta Platforms*, the court found that (1) a "descriptive" URL could constitute "contents" under the Wiretap Act and (2) that plaintiffs had pled sufficient facts to support the existence of a "descriptive URL." Notice, ECF 50 at 2. Here, Plaintiffs fail to plead sufficient facts (*i.e*., webpages visited, buttons clicked, or specific actions taken on Tower Health's website) for this Court to even entertain the notion that a descriptive URL was produced. They do not identify what they searched that could have become "contents" under the Wiretap Act. Thus, because Plaintiffs' allegations lack sufficient factual support, their comparison to *Meta Platforms* misses the mark.

Plaintiffs also argue that the *Meta Platforms* decision supports their negligence claim. It does not. In dismissing the negligence claim in *Meta Platforms*, the court only addressed the element of duty—not breach, causation, or damages. Here, Tower's bases for dismissal of Plaintiffs' negligence claim are that: (1) Tower did not breach a duty of care; (2) Tower did not cause Plaintiffs' injuries; (3) Plaintiffs failed to allege actual loss or damage; and (4) Pennsylvania's Economic Loss Doctrine precludes the claim. Accordingly, the *Meta Platforms* decision is irrelevant to Tower's Motion to Dismiss the negligence claim.

Lastly, Plaintiffs improperly provide "notice" of the May 6, 2023 *Regents* decision—a decision that predates their Opposition by almost sixty days. The *Regents* decision, although useful to the Court, is not useful for the reasons identified in the Notice. In fact, Tower already addressed *Regents* in its Reply In Support of Its Motion to Dismiss. Reply, ECF 49 at 6. Plaintiffs' Notice is

thus nothing more than an attempt to reply to Tower's Reply—an improper surreply. Regardless, *Regents* actually supports dismissal of the intrusion upon seclusion claim. Unlike the plaintiff in *Regents*, Plaintiffs here do not allege any specific personal medical information, such as high blood pressure, was transmitted to Meta. *See Regents*, 2023 WL 3316766, at *2. Accordingly, based on the *Regents* decision, the Court should dismiss the intrusion upon seclusion claim.

**Conclusion**

Tower Health respectfully requests that this Court accept this Response to Plaintiffs' Notice of Supplemental Authority in Opposition to Defendant's Motion to Dismiss and dismiss Plaintiffs' Second Amended Complaint with prejudice.

Dated: September 26, 2023

Respectfully submitted,

By: /s/ Erin L. Leffler
Erin (Loucks) Leffler (PA ID No. 204507)
eleffler@shb.com
SHOOK, HARDY & BACON L.L.P.
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Tel: (215) 278-2555 | Fax: (215) 278-2594

Alfred J. Saikali (*pro hac vice* forthcoming)
asaikali@shb.com
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Tel: (305) 358-5171 | Fax: (305) 358-7470

Jenn O. Hatcher (*pro hac vice* forthcoming)
jhatcher@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547

Frederick S. Rudesheim (*pro hac vice* forthcoming)
frudesheim@shb.com
SHOOK, HARDY & BACON L.L.P.
1800 K Street, N.W., Suite 1000,
Washington, D.C., 20006
Tel: (202) 783-8400 | Fax: (202) 783-4211

Lindsey M. Knapton (*pro hac vice* forthcoming)
lknapton@shb.com
SHOOK, HARDY & BACON L.L.P.
1600 17th Street, Suite 450
Denver, CO 80202
Tel: (303) 285-5300 | Fax: (303) 285-5301

*Attorneys for Defendant Tower Health*

**CERTIFICATE OF SERVICE**

I, Erin L. Leffler, hereby certify that on September 26, 2023, on behalf of Defendant Tower Health, I filed the foregoing Response to Plaintiffs' Notice of Supplemental Authority in Opposition to Defendant's Motion to Dismiss by CM/ECF and served a true and correct copy by e-filing on the following counsel of record:

David J. Cohen (PA 74070)
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
Mohammed Rathur
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com
mrathur@stephanzouras.com

***Attorneys for Plaintiffs***

By: */s/ Erin L. Leffler*
Erin L. Leffler