**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,** **Plaintiffs,** | : | **Case No. 22-cv-4580-JFM** |
| **v.** | : | |
| **TOWER HEALTH,** **Defendant.** | : | |

**SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On May 30, 2023, Plaintiffs filed a Second Amended Complaint ("SAC") in this case that includes claims under the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*. and for common law negligence and invasion of privacy. *See* SAC [Doc. 40]. Defendant filed a Motion to Dismiss these claims. *See* Mot. to Dismiss Mem. [Doc. 43-2].

On September 18, 2023, Plaintiffs filed a Notice of Supplemental Authority discussing two recent decisions that reinforce the propriety of Plaintiffs' claims in this action and undermine Defendant's requested relief. *See* Notice [Doc. 50], *citing Doe v. Meta Platforms, Inc.*, N.D. Ca. Case No. 22-cv-03580 *and Doe v. Regents of the Univ. of Calif.*, N.D. Ca. Case No. 23-cv-598.

On November 17, 2023, an order issued in another case, *Cousin v. Sharp Healthcare*, presented with a Rule 12(b)(6) challenge to the sufficiency of similar factual allegations and claims (*i.e.*, a hospital's use of Meta Pixels to intercept and disclose sensitive medical information to Meta). *See Sharp*, S.D. Ca. Case No. 22-cv-2040-MMA-DDL [Doc. 42] (Exhibit A). *Sharp* concludes that the "plaintiffs' interactions on Defendant's website… plausibly involve PHI… [and] plausibly convey information about a present medical condition and the provision of medical care covered by HIPAA." *Id.* at pp. 4-5. *Sharp* rejects the defendant's argument that its conduct

was not "highly offensive" and denied its motion to dismiss the plaintiffs' intrusion upon seclusion and invasion of privacy claims (analogous to Plaintiff's intrusion upon seclusion claim), because: "[w]hether an alleged intrusion is highly offensive to a reasonable person is an issue not capable of resolution, on these facts, at the motion to dismiss stage." *Id.* at pp. 6-7. Last, *Sharp* denies the defendant's motion to dismiss the plaintiffs' CMIA and CIPA claims (analogous to Plaintiff's ECPA claim), because "[i]t is sufficiently plausible at this time that Plaintiffs' information was 'viewed or otherwise accessed' as contemplated by CMIA" and "Plaintiffs allege that their data included personal search queries—such as specialty healthcare providers and treatments for medical conditions—and therefore plausibly conveyed content: their PHI." *Id.* at pp. 7-10.

The reasoning in this new, factually-analogous decision supports the sufficiency of Plaintiff's ECPA, negligence, and privacy allegations in this case, so suggests the Court should deny Defendant's Motion to Dismiss [Doc. 43].

Respectfully Submitted,

Dated: December 7, 2023

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: December 7, 2023 /s/ *David J. Cohen*