**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,** <br> **Plaintiffs,** <br> **v.** <br><br> **TOWER HEALTH,** <br> **Defendant.** | : | **Case No. 22-cv-4580-JFM** |

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On May 30, 2023, Plaintiffs filed a 25-page/110-paragraph Second Amended Complaint ("SAC") against Defendant alleging detailed facts to support claims for violation of the Electronic Communications Privacy Act ("ECPA"), negligence, and intrusion upon seclusion. *See* [Doc. 40].

On June 27, 2023, Defendant filed a Motion to Dismiss these claims that relied most heavily on a single case, *Kurowski v. Rush Sys. for Health*, 2023 WL 2349606 (N.D. Ill. Mar. 3, 2023). Def. Mem., pp. 7, 9, 20, 24 [Doc. 43-2]. Defendant specifically argued this Court should dismiss Plaintiffs' ECPA claim because the court in *Kurowski*, which it deemed a "nearly identical claim," concluded "that the hospital was the intended recipient of plaintiffs' communications" and that "the disclosure of information related to clicks on a hospital's public website [did not suggest] a criminal or tortious purpose." *Id.* at pp. 7, 9, *citing Kurowski*, 2023 WL 2349606, *4-5. *See* Def. Reply, pp. 4-6, 9 [Doc 49], *citing Kurowski*, 2023 WL 2349606, *4, 9-10 *and Kurowski v. Rush Sys. for Health,* 2023 WL 4707184, *5-7, 9 (N.D. Ill. July 24, 2023) ("*Kurowski II*") (arguing again that *Kurowski* requires dismissal of Plaintiff's ECPA claim because it held "no criminal-tortious purpose exception applies" and "use of the meta pixel is not a HIPAA violation").

On December 11, 2023, the court in *Kurowski* entered an Opinion that, based on improved factual allegations that substantially mirror the allegations in Plaintiffs' SAC in this case, denied the defendant's motion to dismiss the plaintiffs' ECPA claim based on "factual allegations regarding the information she contends was transmitted to third parties with Rush's knowledge and at its instance… [and] that this information was, in turn, used [] to target her with particular advertising associated with her particular health conditions… [and] that Rush knowingly transmits this data and that it does so for the purpose of financial gain." *Kurowski v. Rush Sys. for Health*, Dec. 11, 2023 Opinion, pp. 4-7 (Exhibit A).

The reasoning in this most recent *Kurowski* decision directly undercuts all of Defendant's arguments for dismissing Plaintiffs' ECPA claim and suggests that, consistent with Plaintiffs' improved allegations, this Court should deny Defendant's Motion to Dismiss this claim.

Respectfully Submitted,

Dated: January 19, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: January 19, 2024 /s/ *David J. Cohen*