**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,**<br>**Plaintiffs,**<br>**v.**<br><br>**TOWER HEALTH,**<br>**Defendant.** | : | **Case No. 22-cv-4580-JFM** |

**FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On May 30, 2023, Plaintiffs filed a 25-page / 110-paragraph Second Amended Complaint ("SAC") against Defendant alleging detailed facts to support claims for violation of the Electronic Communications Privacy Act, negligence, and intrusion upon seclusion. *See* [Doc. 40].

On June 27, 2023, Defendant filed a Motion to Dismiss that specifically argued this Court should dismiss Plaintiffs' intrusion upon seclusion claim because the healthcare-related communications at the heart of his claim took place on "Tower's public website." Def. Mem., pp. 1-3, 8-9, 13-15, 17-23 [Doc. 43-2]. Repeatedly citing 2017 and 2018 decisions in *Smith v. Facebook*, *Inc*., Defendant argued that Plaintiffs agreed Defendant could share their health-related browsing information with Meta by consenting to Facebook's Cookies Policy. *Id.* at pp. 8, 21, 24, *citing Smith v Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. May 9, 2017); *Smith v. Facebook*, *Inc*., 745 F. App'x 8 (9th Cir. 2018). Defendant also argued, again citing *Smith*, that "Plaintiffs do not have a reasonable expectation of privacy in their interactions with a public website." *Id.* at pp. 23-24, *citing Smith*, 745 F. App'x at 9 ("Information available on publicly accessible websites stands in stark contrast to the personally identifiable patient records and medical histories protected by these statutes").

On January 29, 2024, the U.S. District Court for the Northern District of California filed an opinion in *In re Meta Healthcare Pixel Litigation* that rejects these exact arguments. This recent *In re Meta Healthcare Pixel Litigation* opinion: differentiates the "general health information that is accessible to the public at large" in *Smith* from the communications Meta Pixels captured from hospital websites like Defendant's; discusses two "published cases [] more recent than *Smith* that have accepted privacy tort claims where information was transmitted to Meta from 'public' sites;" and holds that the plaintiffs' privacy claims "are not foreclosed at this juncture in whole or part simply because their communications with their healthcare providers may have been through publicly available webpages. *In re Meta Healthcare Pixel Litigation*, Jan. 29, 2024 Order on Motion to Dismiss, pp. 2-4 (Exhibit A), *citing In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589 (9th Cir. 2020); *Cousin v. Sharp Healthcare*, 2023 WL 8007350, *3 (S.D. Cal. Nov. 17, 2023).

The recent *In re Meta Healthcare Pixel Litigation* opinion directly undercuts Defendant's arguments against Plaintiff's intrusion upon seclusion claim in this case, and provides this Court with extensive, thoroughly-reasoned support to deny Defendant's Motion to Dismiss this claim.

Respectfully Submitted,

Dated: January 30, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020

Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: January 30, 2024 /s/ *David J. Cohen*