**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK SANTORO and JESSICA LANDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOWER HEALTH,<br><br>Defendant. | Case No. 5:22-cv-04580-JFM<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant Tower Health ("Tower") respectfully submits this Notice of Supplemental Authority to inform the Court of the recent Order (Exhibit A-1) and Memorandum (Exhibit A-2) granting dismissal in *Murphy v. Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Health*, Civil Action No. 22-4674 (E.D. Pa. Oct. 10, 2023). The Order and Memorandum are relevant to the arguments Tower raised in its Motion to Dismiss the Second Amended Complaint (Dkt. 43) ("Motion"). The *Jefferson Health* Order and Memorandum were issued after the parties completed briefing on Tower's Motion to Dismiss the Second Amended Complaint on August 15, 2023.

The *Jefferson Health* Memorandum is persuasive. The operative complaint in *Jefferson Health*, which was drafted by the same counsel that represents the Plaintiffs in *Tower*, features nearly identical underlying factual allegations and the same claims: (1) violation of the federal Wiretap Act, (2) negligence, and (3) intrusion upon seclusion. Importantly, the court dismissed all three claims.

First, the court dismissed the federal Wiretap Act claim because plaintiffs did not allege sufficient facts to state a claim. Citing to *Burtch v. Milberg Factors, Inc.*, 662 F.3d 323, 225 (3d Cir. 2011), the *Jefferson Health* court noted that plaintiffs failed to allege "any specific test results, diagnoses, or sensitive messages were intercepted or improperly disclosed." *Jefferson Health*, Civil Action No. 22-4674, at *6. In the absence of such facts, the court held the plaintiffs failed to provide the hospital sufficient notice of an alleged wiretap violation and dismissed the Wiretap Act claim.

Similarly, the *Jefferson Health* court dismissed the negligence claim because the plaintiffs did not adequately plead causation or damages. The court found plaintiffs failed to adequately allege causation as they did not provide necessary "details about . . . the content, timing, or number of alleged communications." *Id.* at *9–10. The *Jefferson Health* court also rejected plaintiffs' "boilerplate [damage] allegations in the absences of facts to support them." *Id.* at *10 (rejecting allegations plaintiffs suffered "embarrassment, humiliation, emotional harm, and distress."). For both these reasons, the court dismissed the negligence claim.

Last, the court in *Jefferson Health* dismissed the intrusion upon seclusion claim for three reasons. Similar to the wiretap and negligence claims, the court held that because plaintiffs failed to offer any specific details about the hospital's purportedly objectionable conduct, they had not alleged more than a "sheer possibility" that the hospital acted unlawfully. *Id*. at *11 (noting that plaintiffs "fail[ed] to describe the nature of the patient health information at issue."). Second, because plaintiffs failed to provide any specific details, the court could not determine if even a threshold of offensiveness existed to support the intrusion upon seclusion claim. *Id*. at *12. Third, the Court dismissed the intrusion upon seclusion claim because plaintiffs "fail to describe how they sustained their alleged damages" as "[t]heir reference to emotional distress is conclusory and unsupported by factual matter." *Id*. at *12.

**CONCLUSION**

The *Jefferson Health* Memorandum and Order is persuasive and relevant to this Court's consideration of Tower's Motion to Dismiss the Second Amended Complaint. As such, Tower respectfully requests the Court consider the *Jefferson Health* Order as supplemental authority.

Dated: October 16, 2023

Respectfully submitted,

By: /s/ Erin L. Leffler
Erin (Loucks) Leffler (PA ID No. 204507)
eleffler@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Tel: (215) 278-2555 | Fax: (215) 278-2594

Alfred J. Saikali (*pro hac vice* forthcoming)
asaikali@shb.com
**SHOOK, HARDY & BACON L.L.P.**
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Tel: (305) 358-5171 | Fax: (305) 358-7470

Jenn O. Hatcher (*pro hac vice* forthcoming)
jhatcher@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547

Frederick S. Rudesheim (*pro hac vice* forthcoming)
frudesheim@shb.com
SHOOK, HARDY & BACON L.L.P.
1800 K Street, N.W., Suite 1000,
Washington, D.C., 20006
Tel: (202) 783-8400 | Fax: (202) 783-4211

Lindsey M. Knapton (*pro hac vice* forthcoming)
lknapton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1600 17th Street, Suite 450
Denver, CO 80202
Tel: (303) 285-5300 | Fax: (303) 285-5301

*Attorneys for Defendant Tower Health*