**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK SANTORO and JESSICA LANDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOWER HEALTH,<br><br>Defendant. | Case No. 5:22-cv-04580-JFM<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant Tower Health ("Tower") respectfully submits this Notice of Supplemental Authority to inform the Court of two recent orders dismissing similar claims in *B.K. v. Eisenhower Medical Center*, Case No. EDCV 23-2092 JGB (KKx) (C.D. Cal. Feb. 29, 2024) (Exhibit A-1) and *Baker v. Seattle Children's Hospital*, No. 23-2-19331-8-SEA (Super. Ct. Wash., King Cnty. Feb. 23, 2024) (Exhibit A-2). Both orders were published after the parties completed briefing and are relevant to the arguments Tower raised in its Motion to Dismiss the Second Amended Complaint (Dkt. 43) ("Motion").

The orders in *Eisenhower* and *Seattle Children's* are persuasive here. The *Eisenhower* court dismissed the three claims that are now before the Court in *Tower*: (1) violation of the federal Wiretap Act, (2) negligence, and (3) intrusion upon seclusion. While the *Seattle Children's* order dismissed with prejudice a similar intrusion upon seclusion claim, along with state wiretapping and common-law privacy claims.

First, the court in *Eisenhower* dismissed a federal Wiretap Act claim without leave to amend. In its order, the court flatly rejected plaintiffs' attempt to apply the crime/fraud exception

to a hospital's use of the Meta Pixel. It found, there is nothing "independently illegal or actionable" in a hospital's use of the pixel for its own "commercial advantage." *Eisenhower*, Case No. EDCV 23-2092 JGB (KKx), at *7. It further explained "[b]ecause [the hospital] was the party that was meant to, and did, receive Plaintiffs' communications on the Website, under the party exception, 'any alleged interception of the communications is not actionable.'" *Id.* (quoting *Pena v. GameStop, Inc.*, 2023 WL 3170047, at *3 (S.D. Cal. April 27, 2023)). For these reasons, the Court dismissed with prejudice the ECPA claim as to Eisenhower Hospital.

Moreover, the *Eisenhower* court dismissed the negligence claim because (1) the plaintiffs failed to allege the disclosure of health-related information and (2) any injuries as a result of the loss of value to their information. *Id.* at *11. In reaching its decision, the court explained that plaintiffs failed to "allege any specificity as to what medical information was allegedly disclosed or when it was disclosed." *Id.* at *6. Instead, the plaintiff relied on "conjectures and hypothetical scenarios." *Id.* The court also found that the plaintiffs could not assert an injury, like the loss of value of their personal information, if they never paid to browse the hospital's public-facing website. *See id.* at *8 (citing numerous examples). For both these reasons, the court dismissed the negligence claim.

Last, the courts in *Eisenhower* and *Seattle Children's* dismissed invasion of privacy – intrusion upon seclusion claims. In *Eisenhower*, the court found that "routine medical searches and inquiries" do not rise to the level of a "highly offensive" intrusion. *Eisenhower*, Case No. EDCV 23-2092 JGB (KKx), at *9. Similarly, the court in *Seattle Children's* dismissed an intrusion upon seclusion claim where the hospital argued (1) it could not have intruded where it was the intended recipient of the communications; (2) a public-facing website is not a private place; and (3) the

disclosure of information from "headers, URLs, and pages visited on a generic public website" is not offensive. *Seattle Children's*, No. 23-2-19331-8 SEA, Motion at 18–20 (Exhibit A-3).[1]

## CONCLUSION

The *Eisenhower* and *Seattle Children's* orders are persuasive and relevant to this Court's consideration of Tower's Motion to Dismiss the Second Amended Complaint. As such, Tower respectfully requests the Court consider the orders as supplemental authority.

Dated: March 11, 2024

Respectfully submitted,

By: /s/ Erin L. Leffler
Erin (Loucks) Leffler (PA ID No. 204507)
eleffler@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Tel: (215) 278-2555 | Fax: (215) 278-2594

Alfred J. Saikali (*pro hac vice* forthcoming)
asaikali@shb.com
**SHOOK, HARDY & BACON L.L.P.**
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Tel: (305) 358-5171 | Fax: (305) 358-7470

Jenn O. Hatcher (admitted *pro hac vice*)
jhatcher@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547

Frederick S. Rudesheim (*pro hac vice* forthcoming)
frudesheim@shb.com
SHOOK, HARDY & BACON L.L.P.
1800 K Street, N.W., Suite 1000,
Washington, D.C., 20006
Tel: (202) 783-8400 | Fax: (202) 783-4211

[1] For the Motion to Dismiss, Tower uses the page numbers that correspond with the Table of Contents and are found at the bottom of each page.

Lindsey M. Knapton (*pro hac vice* forthcoming)
lknapton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1660 17th Street, Suite 450
Denver, CO 80202
Tel: (303) 285-5300 | Fax: (303) 285-5301

*Attorneys for Defendant Tower Health*