**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,**<br>**Plaintiffs,**<br>**v.**<br><br>**TOWER HEALTH,**<br>**Defendant.** | **Case No. 22-cv-4580-JFM** |

**FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On May 30, 2023, Plaintiffs filed a 25-page / 110-paragraph Second Amended Complaint ("SAC") against Defendant alleging detailed facts to support claims for violation of the Electronic Communications Privacy Act, negligence, and intrusion upon seclusion. *See* [Doc. 40].

On June 27, 2023, Defendant moved to dismiss Plaintiffs' Electronic Communications Privacy Act ("ECPA") claim under 18 U.S.C. § 2510 *et seq.*, because Plaintiffs' allegations that Tower knowingly and intentionally disclosed individually-identifiable health information to Meta in violation of the ECPA are not plausible. Def. Mem., pp. 6-12 [Doc. 43-2]. On August 15, 2023, Defendant repeated these very same arguments in its Reply brief. Def. Reply, pp. 4-7 [Doc. 49].[1]

On March 19, 2024, the U.S. District Court for the Western District of New York filed an opinion in *Kane v. Univ. of Rochester*, a case involving similar facts and claims, that specifically considers and rejects these same arguments, finding "Plaintiff has plausibly alleged (1) that the information at issue is IIHI and… (2) that Defendant intercepted Plaintiffs' communications for

[1] Plaintiffs have filed three other Notices supporting the propriety of their ECPA claim. *See* First Notice, *citing Doe v. Meta Platforms*, N.D. Ca. Case No. 22-cv-03580 *and Doe v. Regents of the Univ. of Calif.*, N.D. Ca. Case No. 23-cv-598 [Doc. 50]; Second Notice, *citing Cousin v. Sharp Healthcare*, S.D. Ca. Case No. 22-cv-2040-MMA-DDL [Doc. 53]; Third Notice, *citing Kurowski v. Rush Sys. for Health*, N.D. Ill. Case No. 22-c-5380 ("*Kurowski III*") [Doc. 54].

the purpose of knowingly disclosing it to another person," and holding these allegations sufficient to meet the ECPA "tort-crime exception." *Kane*, p. 6 ("Plaintiffs have plausibly alleged that Defendant's purpose was to commit an act that is punishable as a crime under 42 U.S.C § 1320d-6: knowingly disclosing IIHI without authorization for marketing purposes") (Exhibit A).

The opinion in *Kane* directly undercuts Defendant's specific arguments against Plaintiff's ECPA claim in this case, providing this Court with further grounds to deny Defendant's Motion to Dismiss this claim.

Respectfully Submitted,

Dated: March 22, 2024

<u>/s/ *David J. Cohen*</u>
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: January 30, 2024

<u>/s/ *David J. Cohen*</u>