**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

PATRICK SANTORO and JESSICA LANDIS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TOWER HEALTH,

Defendant.

Case No. 5:22-cv-04580-JFM

JURY TRIAL DEMANDED

**DEFENDANT'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant Tower Health ("Tower") respectfully submits this Notice of Supplemental Authority to inform the Court of an order dismissing similar claims in *Okash v. Essentia Health*, Civil No. 23-482 (JRT/LIB), 2024 WL 1285779 (D. Minn. Mar. 26, 2024) (Exhibit A-1). The *Essentia Health* court published its order last week after the parties completed briefing and the Court held oral argument in this case. The *Essentia Health* order is relevant to the arguments Tower raised in its Motion to Dismiss the Second Amended Complaint (Dkt. 43) ("Motion").

The order in *Essentia Health* is persuasive here. In it, the *Essentia Health* court dismissed two of the three claims that are now before the Court in *Tower*: (1) violation of the federal Wiretap Act and (2) intrusion upon seclusion.

First, the *Essentia Health* order is another example where a court has rejected an attempt to apply the crime/tort exception to a hospital's use of the Meta Pixel. In *Essentia Health*, the court found that "the crime-tort exception 'only applies where the defendant allegedly committed a tortious or criminal act independent from the act of recording itself.'" *Id.* at *10 (quoting *Kurowski v. Rush Sys. for Health*, No 22-5380, 2023 WL 4707184, at *4 (N.D. Ill. July 24, 2023). It

explained "the bad acts must be 'secondary to the acquisition of the communication.'" *Id.* at *11 (quoting *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015).

The *Essentia Health* court went on to explain that the plaintiff failed to identify a criminal or tortious purpose for two reasons. First, the plaintiff's allegation that Essentia Health violated HIPAA or a privacy tort is not an independent criminal or tortious purpose because it would "encompass only the simultaneous interception and disclosure of information," and does not include a secondary purpose. *Id.* Second, the Court found that while "subsequent advertising may be an independent act from the underlying interception," there are no allegations that the advertising in *Essentia Health* was tortious. *Id.* For both these reasons, the *Essentia Health* court dismissed the federal Wiretap Act claim.

Moreover, the *Essentia Health* court dismissed the intrusion upon seclusion claim because "there was no intrusion." *Id.* at *17. It explained that "when a plaintiff voluntarily browses a healthcare website, there is no intrusion when the Pixel transmits the information to Meta." *Id.* This is because an "[i]ntrusion requires an 'affirmative act by the defendant in obtaining the information' which cannot exist when the information is provided by the plaintiff, even if a defendant later shares the information." *Id.* (quoting *Lehman v. Zumbrota-Mazeppa Pub. Schs.*, No. 04-1226, 2005 WL 894756, at *4 (Minn. Ct. App. Apr. 19, 2005)). The *Essentia Health* court ultimately determined that the hospital did not intrude on the plaintiff's seclusion because plaintiff had "voluntarily provided his information" *Id.* For this reason, the court dismissed the intrusion upon seclusion claim.

## CONCLUSION

The *Essentia Health* order is persuasive and relevant to this Court's consideration of Tower's Motion to Dismiss the Second Amended Complaint. As such, Tower respectfully requests the Court consider the order as supplemental authority.

Dated: April 2, 2024

Respectfully submitted,

By: /s/ Erin L. Leffler
Erin (Loucks) Leffler (PA ID No. 204507)
eleffler@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Tel: (215) 278-2555 | Fax: (215) 278-2594

Alfred J. Saikali (*pro hac vice* forthcoming)
asaikali@shb.com
**SHOOK, HARDY & BACON L.L.P.**
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Tel: (305) 358-5171 | Fax: (305) 358-7470

Jenn O. Hatcher (admitted *pro hac vice*)
jhatcher@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547

Frederick S. Rudesheim (*pro hac vice* forthcoming)
frudesheim@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K Street, N.W., Suite 1000,
Washington, D.C., 20006
Tel: (202) 783-8400 | Fax: (202) 783-4211

Lindsey M. Knapton (*pro hac vice* forthcoming)
lknapton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1660 17th Street, Suite 450
Denver, CO 80202
Tel: (303) 285-5300 | Fax: (303) 285-5301

*Attorneys for Defendant Tower Health*