**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PATRICK SANTORO and JESSICA LANDIS, individually and on behalf of all others similarly situated,
Plaintiffs,

v.

TOWER HEALTH,
Defendant.

Case No. 5:22-cv-04580-JFM

JURY TRIAL DEMANDED

**DEFENDANT TOWER HEALTH'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS


FACTUAL BACKGROUND ..... 2

LEGAL STANDARD ..... 5

ARGUMENT ..... 5

I. The Court did not make a clear error of law or fact ..... 6

A. Plaintiffs were repeatedly put on notice that their allegations lacked the requisite facts ..... 7

1. Tower Health repeatedly notified Plaintiffs that their conclusory allegations were insufficient to state a claim for relief. ..... 8

2. Plaintiffs knew that Courts across the country were dismissing similar cases for similarly insufficient factual allegations. ..... 8

3. The lack of requisite facts was the focal point of oral argument. ..... 9

B. There can be no factual error where the facts were never presented ..... 11

II. The Court correctly determined that amendment would be futile. ..... 12

A. The additional facts provided in Plaintiffs' proposed Third Amended Complaint are still insufficient. ..... 12

B. Plaintiffs' claims still fail on the merits ..... 14

III. The Court's dismissal of Plaintiffs' claims is consistent with *Murphy*. ..... 14

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.K. v. Eisenhower Med. Ctr.*,
Case No. 23-2092 JGB, 2024 WL 878100 (C.D. Cal. Feb. 29, 2024) ....................................9

*Bin Kang v. City of Philadelphia*,
No. 14-cv-4010, 2015 WL 4772804 (E.D. Pa. Aug. 13, 2015) ............................................10

*Calhoun v. Mann*,
No. CIV.A. 08-458, 2009 WL 1321500 (E.D. Pa. May 12, 2009) ..........................................6

*Cohen v. Prudential Ins. Co.*,
No. CIV.A. 08-5319, 2010 WL 1257659 (E.D. Pa. Mar. 25, 2010).......................................12

*Cont'l Cas. Co. v. Diversified Indus., Inc.*,
884 F. Supp. 937 (E.D. Pa. 1995) ..........................................................................................5

*Cousin v. Sharp Healthcare*,
681 F. Supp. 3d 1117 (S.D. Cal. 2023).....................................................................................9

*Doe v. Regents of Univ. of Cal.*,
672 F. Supp. 3d 813 (N.D. Cal. 2023) .....................................................................................9

*Jang v. Boston Scientific Scimed, Inc.*,
729 F.3d 357 (3d Cir. 2013)....................................................................................................10

*Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931, 938 (N.D. Ill. 2023) ..............................9

*Martinez v. Fox Broad. Co.*,
No. CV 06-4537, 2007 WL 9809239 (E.D. Pa. Nov. 28, 2007)............................................12

*Max's Seafood Café v. Quinteros*,
176 F.3d 669 (3d Cir. 1999)......................................................................................................5

*Murphy v. Thomas Jefferson Univ. Hosps., Inc.*,
No. CV 22-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023)...................................... *passim*

*OR v. Hutner*,
576 Fed. Appx. 106 (3d Cir. 2014) ..........................................................................................5

*PBI Performance Prods., Inc. v. NorFab Corp.*,
514 F. Supp. 2d 732 (E.D. Pa. 2007) .......................................................................................5

*Savage v. Bonavitacola*,
No. CIV.A.03-0016, 2005 WL 730679 (E.D. Pa. Mar. 29, 2005)..........................................11

*Seiple v. Cracker Barrel Old Country Store, Inc.*,
No. 19-CV-2946, 2021 WL 5163198 (E.D. Pa. Nov. 5, 2021) ..............................................11

*United States ex rel. Sirls v. Kindred Healthcare, Inc.*,
536 F. Supp. 3d 1 (E.D. Pa. 2021) ..........................................................................5, 7

*United States v. Cephalon, Inc.*,
159 F. Supp. 3d 550 (E.D. Pa. 2016) ..........................................................................5

*Williams v. City of Philadelphia Off. of Sheriff*,
No. CV 17-2697, 2023 WL 2139824 (E.D. Pa. Feb. 21, 2023) ...............................................9

The Court should deny Plaintiffs' latest improper attempt to revise their allegations because, as this Court has already found, the facts are just not there. In reaction to the Court's dismissal of their claims, Plaintiffs filed a Motion for Reconsideration ("Motion"). Dkts. 72 & 73. But Plaintiffs fail to establish a requisite basis for reconsideration—there is no new evidence, no change in the law, and no need to correct an error of law or fact or prevent manifest injustice.

In its April 24, 2024 Order granting Tower Health's Motion to Dismiss and accompanying Memorandum, the Court correctly found that amendment to the complaint would be futile based on Plaintiffs' repeated inability to articulate requisite facts to support their claims. Dkt. 70 & 71 (collectively, the "Order"). Plaintiffs, represented by experienced privacy counsel, have been afforded ample opportunities to provide sufficient facts, but failed to do so. Now Plaintiffs assert that withholding the factual basis for their claims was a tactical decision—an apparent strategy choice to ignore well-settled case law and the warnings in Tower Health's briefing, from courts across the country, and from this very Court. Now, a year and a half after Plaintiffs filed suit, and only after this Court dismissed their claims, Plaintiffs improperly seek to provide minimal facts about their use of Tower's website in a proposed fourth complaint. Plaintiffs are simply too late. Motions for reconsideration are not granted to fix the tactical errors of parties. Nor are they granted to consider information that was previously available. As the Court noted, "Plaintiffs have had three chances to plead their claims, as well as the opportunity to provide more factual details about the information captured by the Meta Pixel at oral argument. The facts simply aren't there." Dkt. 70 at 14.

But even if the Court were to consider the additional factual allegations set forth in the proposed Third Amended Complaint ("TAC")—which it should not—the requisite facts are still missing. Not only do Plaintiffs still fail to identify a date upon which they visited Tower's

website, but they now allege that they continued to visit Tower's website *after learning Tower used technology* on its public website and *after filing this lawsuit*. In addition, Plaintiffs continue to hypothesize about the categories of information the Meta Pixel *may have* shared with Meta. In an attempt to support their conjecture, Plaintiffs now provide a list of webpages they purportedly visited on Tower's public website. Confoundingly, the webpages Plaintiffs now assert they visited are wholly unrelated to the advertisements they allege they later saw on Facebook and other social media platforms. Once again, Plaintiffs present the Court with conjecture instead of facts.

For these reasons, the Court should deny Plaintiffs' Motion.

## FACTUAL BACKGROUND

Plaintiffs first filed suit against Tower on November 16, 2022. Dkt. 1. Tower then moved to dismiss the complaint for failure to state a claim, arguing that "the Complaint wholly lacks factual allegations that would support Plaintiffs' conclusion that any of their patient or health information was transmitted to Meta." Dkt. 25-1 at 7. In response, Plaintiffs amended their complaint. Dkt. 28. Tower again warned Plaintiffs that their amended complaint still "rests entirely on bare, conclusory allegations." Dkt. 35-2 at 8. Once again, Plaintiffs' sought leave from the Court to amend their complaint in response. In a third attempt, Plaintiffs filed a Second Amended Complaint ("SAC"). Dkt. 40. In this complaint, Plaintiffs alleged only that they visited Tower's public website to "engage in communications that included individually-identifiable health information about [their] past, present, or future health conditions, including requests for information about specific Tower Health providers and locations, and information about specific health conditions, treatments, and medications." *Id.* ¶¶ 43, 49. Tower moved to dismiss the SAC and warned Plaintiffs that "factual deficiencies persist." Dkt. 43-2 at 1.

Shortly after, in October 2023, the court held that the similarly vague allegations in *Murphy v. Thomas Jefferson University Hospitals, Inc.*, could not survive *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. CV 22-4674, 2023 WL 7017734, at *3 (E.D. Pa. Oct. 10, 2023). In *Murphy*, the court explained that it is not enough to merely allege plaintiffs communicated with Jefferson Health about their "medical symptoms, conditions, and concerns, medical appointments, medical tests and test results, doctors' visit notes, medications and treatments, and health insurance and medical bills." *Id.* Rather, to provide sufficient notice of the alleged misconduct, Plaintiffs must offer more detailed descriptions of the communications and information that they assert were intercepted. *Id.* As the *Murphy* Court explained, these necessary allegations could have included details such as who Jefferson Health plaintiffs communicated with, what exactly they communicated, and/or the timing of these communications. *Id.*

In March 2024, the Court heard oral argument on Tower's Motion to Dismiss Plaintiffs' Second Amended Complaint. Dkt. 70 at 5. Before Plaintiffs could even introduce their argument, the Court noted that Plaintiffs' "biggest problem is the specificity of the pleadings." Ex. A, Excerpts from Mar. 13, 2024 Oral Arg. Tr. 31:12–13. Throughout the one-hour argument and on no less than six occasions, the Court specifically asked Plaintiffs what "information" they allege was disclosed to Facebook. *Id.* 31:12–13, 33:1–2, 35:1–20, 37:10–12, 51:15–18; *see also id.* 52:10–16. Each time, Plaintiffs refused to answer the question. *See id.* 33:3–4 (responding "we're not here on summary judgment"); *id.* 36:23–24 ("The reason we haven't pled it is mainly that it's not required, in our view"); *id.* 39:9–18 ("We don't believe that people who have had their personal health information improperly shared and their privacy violated should be forced to identify the very things that are the subject of the violation in public documents.").

But as the Court explained, "[t]here are some devils in the details," and without those details, the Court was left "struggling with the same thing that some other judges have struggled with in these rulings," including that the Second Amended Complaint still provides nothing more than mere hypotheticals. *See id.* 35:1–11. The nature of the information matters, because, as the Court described, one click on a dermatology webpage cannot result in the same, or even similar, disclosure of information that would result if a patient clicked the dermatology page, then read detailed descriptions of conditions or treatments, then went on to schedule an appointment. *Id.* 51:19–52:1. The Court went on to clarify that the complaint does not need to allege a specific condition that afflicted the Plaintiffs, but sufficient allegations require specifics "about the extent and scope of the information" disclosed to Meta. *Id.* 52:13–16. The Court also stated that Plaintiffs failed "to paint a picture of what is the 'information' . . . that Facebook got?" *Id.* 37:10–12. This, according to the Court, is critical because Plaintiffs are "asking for something very big and very broad" and without "a great sense of what counts and what doesn't count and [the Court did not] have a firm basis in the record to provide [the] interpretation to HIPAA" as the Plaintiffs requested. *Id.* 53:7–11.

Despite all this, Plaintiffs continued to argue that specific factual allegations were unnecessary. Once again, the Court noted that Plaintiffs may "need to get a client with really good facts that will help you kick down the door to discovery." *Id.* 54:24–55:2. Plaintiffs still failed to provide any specific allegations, nor even state that they had the specific allegations to begin with. Plaintiffs made no request to be given another opportunity to re-plead, this time including the specific allegations as discussed during the argument. As such, by the end of the argument, the Court agreed with Tower Health: Plaintiffs "don't have the facts." *See id.* 55:8–15.

**LEGAL STANDARD**

"The scope of a motion for reconsideration . . . is extremely limited." *OR v. Hutner*, 576 Fed. Appx. 106, 110 (3d Cir. 2014) (quoting *Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011)). Motions to reconsider "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. The moving party cannot satisfy their "substantial burden" through "recapitulation of the cases and arguments considered by the court before rendering its original decision." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016). (quoting *Young Jewish Leadership Concepts v. 939 HKH Corp.*, No. 93-2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)).

For reconsideration to be granted, the party seeking it must establish: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**ARGUMENT**

Plaintiffs ask the Court to reconsider its decision to dismiss the claims with prejudice, and seek to alter their allegations for a fourth time—this time to add additional facts that Plaintiffs themselves claim they had the whole time. Dkt. 73 at 9; *see also* Dkt. 73-1 at 8. But motions for reconsideration "may not be used to give a litigant a second bite at the apple." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732 (E.D. Pa. 2007) (internal citation omitted); *see also United States ex rel. Sirls v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d

1, 4 (E.D. Pa. 2021) ("A party who fails in its first attempt to convince the court of its position may not use a motion for reconsideration to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.") (internal quotation omitted).

In an effort to skirt the breadth of caselaw denying motions for reconsideration where Plaintiffs are seeking a second (or fourth, in this case) bite of the apple, Plaintiffs assert that reconsideration of the Order is appropriate because the Court made "a clear error of law" that is "manifestly unjust." Specifically, Plaintiffs assert that the Court erred by: (1) finding leave to amend would be futile without a proper record and (2) representing "that dismissing Plaintiffs' claims with prejudice is 'consistent' with the decision in *Murphy*." Dkt. 73 at 13. Both bases are insufficient.

## I. **The Court did not make a clear error of law or fact.**

The Court properly dismissed all three claims with prejudice because Plaintiffs' repeatedly failed to assert the requisite facts needed "to convert a case like this from a law-school hypothetical to an actionable dispute." Dkt. 70 at 1.

But Plaintiffs' tactical error in refusing to plead sufficient factual allegations does not create a clear error of law or fact. Plaintiffs, who failed in their "first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one . . . [or] to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Calhoun v. Mann*, No. CIV.A. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (internal citation omitted). Plaintiffs' request for reconsideration of the Order, simply so that they can correct their tactical mistake, should be denied.

The Court should reject Plaintiffs' "wait-and-see" approach for two reasons: (1) Plaintiffs were on notice that their allegations lack necessary facts; and (2) Plaintiffs cannot after-the-fact offer additional facts to support their argument that the Court made a clear error of fact or law.

### A. Plaintiffs were repeatedly put on notice that their allegations lacked the requisite facts.

Plaintiffs have been afforded ample notice and opportunity to provide more than conclusory allegations in support of their claims. Instead, Plaintiffs have repeatedly chosen to file complaints without sufficiently pled factual allegations, leading to their own peril. *Kindred Healthcare, Inc.*, 536 F. Supp. 3d at 6 (denying a "fourth bite at the apple simply because [one's] prior strategic decision was unsuccessful"). They cannot now come to this Court, a year and a half (and three complaints) later, asking for another chance to meet the pleading standard. *See id.* at 4 (citing *Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV-Scola, 2020 WL 1472302, at *2 (S.D. Fla. Mar. 26, 2020) (denying motion for reconsideration because "[plaintiff] had every opportunity to fix the deficiencies the Defendants identified prior to the Court's careful and thorough review. [Plaintiff] should have taken his best shot from the get go; he should not have waited for the Defendants and the Court to have worked through his pleading before bothering to inform all involved that he had a much better pleading in his back pocket in case things went badly for him")).

Plaintiffs' apparent strategic decision not to plead sufficient facts to support their claims is particularly perplexing considering that they have been on notice of the deficiencies in their complaint for a year and a half. Tower (through its motions to dismiss), courts across the country, and ultimately this very Court alerted Plaintiffs that their allegations lack the necessary facts to survive a motion to dismiss. Despite these repeated warnings, Plaintiffs chose to plow

ahead with deficient pleadings, at significant cost, loss of time, and inconvenience to both Tower and this Court.

**1. Tower Health repeatedly notified Plaintiffs that their conclusory allegations were insufficient to state a claim for relief.**

As this Court is well aware, Tower notified Plaintiffs that their allegations lacked the necessary facts each and every time it filed a motion to dismiss Plaintiffs' complaint. Beginning with its first motion to dismiss, Tower stated in clear terms that Plaintiffs' "Complaint wholly lacks factual allegations that would support Plaintiffs' conclusion that any of their patient or health information was transmitted to Meta." Dkt. 25-1 at 7. Tower's first motion to dismiss even went so far as to provide Plaintiffs with specific examples demonstrating where they failed to allege the requisite facts to support their claims, including that (1) Tower embedded the pixel on its website; (2) Tower configured the pixel in a manner to collect sensitive information; (3) Plaintiffs visited pages that contained the pixel; and (4) as a result, the pixel disclosed patients' health information. *Id.* at 7. After Plaintiffs chose to amend their complaint, Tower again filed a motion to dismiss alerting Plaintiffs that their amended complaint still "rest[ed] entirely on bare, conclusory allegations." Dkt. 35-2 at 8. And again, Tower identified that Plaintiffs had not alleged facts to support their "bald assertions that 'personally-identifiable patient health information' is transmitted to Meta." *See id.* at 18. In response, Plaintiffs requested leave from the Court to file their Second Amended Complaint, which Tower did not oppose. Still, Plaintiffs failed to heed Tower's warning that their latest pleading suffered the same fatal defects. On this basis alone, Plaintiffs' motion for reconsideration should be denied.

**2. Plaintiffs knew that Courts across the country were dismissing similar cases for similarly insufficient factual allegations.**

Even as Plaintiffs chose to ignore Tower's warnings, federal courts across the country have been dismissing nearly identical lawsuits where plaintiffs, like Plaintiffs here, failed to

provide more than conclusory allegations in support of their claims. *Compare, Doe v. Regents of Univ. of Cal.*, 672 F. Supp. 3d 813, 819 (N.D. Cal. 2023) (finding allegations sufficient where plaintiff allegedly "entered data relating to her heart issues and high blood pressure in MyChart and later received advertisements on Facebook, including at least one advertisement relating to high blood pressure medication"); *with*, *e.g.*, *Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931, 938 (N.D. Ill. 2023) (concluding that that the plaintiff had "not alleged sufficient facts . . . to support an inference that Rush disclosed its patients' individually identifiable health information"); *Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1126–1127 (S.D. Cal. 2023) (determining that general allegations of browsing a public website with a pixel did not necessarily result in the improper disclosure of sensitive health information); *Murphy*, 2023 WL 7017734, at *3 (finding that vague allegations, such as that the plaintiffs' alleged communications included "medical symptoms, conditions, and concerns, medical appointments, medical tests and test results, doctors' visit notes, medications and treatments, and health insurance and medical bills," were too vague to survive *Iqbal*); *B.K. v. Eisenhower Med. Ctr.*, Case No. 23-2092 JGB (KKx), 2024 WL 878100 (C.D. Cal. Feb. 29, 2024) (dismissing claims where "Plaintiffs fail to allege any specificity as to what medical information was allegedly disclosed or when it was disclosed"). Plaintiffs knew of these specificity requirements because the parties briefed the cases and filed notices of supplemental authority addressing them. *See* Dkts. 50, 52, 59. But even as courts around the country dismissed cases that failed to include the specific factual allegations necessary to satisfy the *Iqbal* pleading standard, Plaintiffs inexplicably chose to withhold such details.

### 3. The lack of requisite facts was the focal point of oral argument.

This Court's own careful consideration of the pleadings, briefing, and oral argument now precludes a motion for reconsideration. *Williams v. City of Philadelphia Off. of Sheriff*, No. CV

17-2697, 2023 WL 2139824, at *2 (E.D. Pa. Feb. 21, 2023) (holding that a motion for reconsideration cannot be used simply to ask the court to "rethink what [it] had already thought through—rightly or wrongly.") (internal citation omitted).

For instance, at oral argument, the Court itself repeatedly pointed out to Plaintiffs that their allegations have a "specificity" problem. *See* Oral Arg. Tr. 31:12–13 ("Your biggest problem is the specificity of the pleadings"). In multiple exchanges with Plaintiffs' counsel, the Court was forthcoming with its concerns about the lack of facts to support Plaintiffs' broad contentions, going so far as to even suggest that the named Plaintiffs may not be the right plaintiffs for this case. *Id.* 54:24–55:2 ("[M]aybe you need to get a client with really good facts that will help you kick down the door to discovery.").

Despite the Court's stated concerns, Plaintiffs offered no new information at suggesting that the identified pleading deficiencies could or would be corrected. At any point during oral argument, Plaintiffs could have provided the Court with the additional facts they now seek to add to their complaints. They chose not to. Plaintiffs could have sought leave to file their Third Amended Complaint *before* the court dismissed their claims. They chose not to. Instead, Plaintiffs waited until *after* the Order was handed down, dismissing their claims with prejudice. This Court should not reward Plaintiffs' "wait-and-see" litigation tactics, which wasted over a year-and-a-half of Tower Health's (and this Court's) time and resources. *See Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) ("This Court has declined to reward a wait-and-see approach to pleading."); *see also*, *Bin Kang v. City of Philadelphia*, No. 14-cv-4010, 2015 WL 4772804, at *6 n.13 (E.D. Pa. Aug. 13, 2015) (denying plaintiff's motion for reconsideration because plaintiff's merely "attempt to plead new allegations . . . is an insufficient ground on which to reconsider.").

**B. There can be no factual error where the facts were never presented.**

Any claim that reconsideration should be granted because the Court made a factual error would be nonsensical; the Court cannot make a factual error when the facts were never presented. *Seiple v. Cracker Barrel Old Country Store, Inc.*, No. 19-CV-2946, 2021 WL 5163198, at *2 (E.D. Pa. Nov. 5, 2021) (concluding a motion for reconsideration "may not be used to raise new arguments or present evidence that could have been raised previously"). Motions for reconsideration are intended to correct a factual or legal matter that the Court "overlooked." *Savage v. Bonavitacola*, No. CIV.A.03-0016, 2005 WL 730679, at *1 (E.D. Pa. Mar. 29, 2005) (limiting motions for reconsideration "only [to] factual and legal matters that the Court may have overlooked."). Here, Plaintiffs cannot identify any overlooked factual or legal matter.

As noted above, the Court dismissed Plaintiffs' claims with prejudice only after Plaintiffs had "three chances to plead their claims, as well as the opportunity to provide more factual details about the information captured by the Meta Pixel at oral argument." Dkt. 70 at 14. Plaintiffs refused each opportunity. *See* Dkt. 70 at 9 ("During oral argument, plaintiffs' counsel suggested that the specifics were immaterial . . . "); *see* Oral Arg. Tr. 39:9–18 (Plaintiffs argued "[w]e don't believe that people who have had their personal health information improperly shared and their privacy violated should be forced to identify the very things that are the subject of the violation in public documents"). Only now, after their claims have been dismissed, do Plaintiffs seek to raise additional facts that Plaintiffs could have, and should have, included in their initial pleading.[1] But facts that Plaintiffs knew and simply failed to plead cannot form the

[1] Tellingly, Plaintiffs now offer facts they previously asserted were too sensitive to provide in their pleadings, without seeking any protection to their privacy, such as by filing under seal—as Tower noted Plaintiffs could have done at the outset of this case. Oral Arg. Tr. 58:1–8

basis for a motion for reconsideration. *Martinez v. Fox Broad. Co.*, No. CV 06-4537, 2007 WL 9809239, at *1 (E.D. Pa. Nov. 28, 2007) (finding that evidence that is not newly discovered and was previously available to be considered cannot be the basis of a motion for reconsideration); *Cohen v. Prudential Ins. Co.*, No. CIV.A. 08-5319, 2010 WL 1257659, at *3 (E.D. Pa. Mar. 25, 2010) (denying motion for reconsideration where plaintiffs' additional factual allegations were not newly discovered). Simply put, Plaintiffs are doing too little, too late, and their Motion for Reconsideration should be denied.

## II. <u>The Court correctly determined that amendment would be futile.</u>

The Court did not err in finding that further amendment of Plaintiffs' pleadings would be futile. While not necessarily relevant to the propriety of the pending motion for reconsideration, Plaintiffs' proposed Third Amended Complaint supports the Court's futility determination because it still suffers the same fatal flaw as the three complaints before it—a lack of specific allegations sufficient to satisfy *Iqbal* and survive a motion to dismiss.

### A. The additional facts provided in Plaintiffs' proposed Third Amended Complaint are still insufficient.

As in their earlier complaints, Plaintiffs' proposed Third Amended Complaint continues to do nothing more than theorize about the categories of information Tower may have disclosed to Meta, without the requisite specific facts. Even on their fourth attempt, Plaintiffs' additional facts only reinforce the hypothetical nature of their allegations.

Plaintiffs' proposed Third Amended Complaint continues to allege that Tower embedded the Meta Pixel on certain webpages of its public-facing website. *See* TAC ¶¶ 6, 8. The proposed Third Amended Complaint also adds allegations: (1) about how the Meta Pixel works; (2) that

---

("[P]laintiffs are the masters of their own complaint and they could have done what hundreds of plaintiffs are doing across the country . . . ask for leave to file under pseudonym, [or] could have filed the complaint under seal." ).

Tower used Facebook's Conversions API tool in addition to the Meta Pixel;[2] and (3) limited details about Plaintiffs' communications with Tower—none of which cure the deficiencies in their prior three complaints. The same questions still remain: When did each plaintiff visit the website? What did they do on the website? How long were they on the website? What did they allegedly "communicate" to Tower Health? How did those communications qualify as "individually identifiable health information"? Plaintiffs' proposed Third Amended Complaint still fails to rise above conclusory allegations that are insufficient to state a claim for relief.

For example, Plaintiffs now identify a handful of specific pages they allegedly visited on Tower's website, and identify advertisements they later received on Facebook and *other social media* platforms, yet still fail to provide *any* facts that link the two together. In fact, the webpages they purportedly visited bear no relationship to the advertisements they later saw. And Plaintiffs make no attempt at explaining how Tower's Meta Pixel would have resulted in advertisements on *other* social media platforms. Plaintiffs' Third Amended Complaint continues to rely only on conclusory allegations based on nothing more than speculation.

Plaintiffs' proposed Third Amended Complaint also fails to include other requisite facts that should have been, and could have been, provided by the Plaintiffs from their initial pleadings, including: the dates Plaintiffs visited the webpages above,[3] whether they visited one webpage or multiple pages in a single browsing session, whether they clicked any buttons or completed any forms, and the dates they allegedly received targeted advertising. Or in the Court's own language—"the extent and scope of the information" Plaintiffs allege was disclosed to Meta. Oral Arg. Tr. 52:16; *see also id.* 51:17–18. Without these necessary facts, Plaintiffs'

---

[2] These allegations do not appear in Plaintiffs' prior complaints.

[3] At most, Plaintiffs allege they have visited Tower's public website between 2018 and 2023, but do not identify when they visited specific Tower webpages or even if they visited particular webpages in the same internet browsing session. TAC ¶¶ 31–32, 47–48.

allegations still fail to rise above mere speculation, and amendment would be futile. Accordingly, even if the Court chose to consider Plaintiffs' additional allegations, it would still find that "[t]he facts simply aren't there, and therefore, amendment would be futile." Dkt. 70 at 14.

**B. Plaintiffs' claims still fail on the merits.**

Even if this Court were to reconsider its Order, and grant Plaintiffs leave to file their proposed Third Amended Complaint, Plaintiffs' still fail to state a claim because their allegations do not give rise to liability. Although the Court did not reach the merits in its Order, Plaintiffs' claims (violation of the Wiretap Act, Negligence, and Intrusion upon Seclusion) fail as a matter of law for the reasons identified in Tower's prior motions to dismiss and at oral argument. The proposed Third Amended Complaint makes no meaningful change to the arguments asserted in Tower's prior motions to dismiss. Accordingly, amendment would be futile.

**III. The Court's dismissal of Plaintiffs' claims is consistent with *Murphy*.**

Lastly, despite Plaintiffs' protests otherwise, nothing about the Court's order dismissing their claims with prejudice is inconsistent with the decision in *Murphy*.[4] First, as the Court noted, the allegations in *Murphy* were "more specific than those here." Dkt. 70 at 8, n.8. In addition, here Plaintiffs had already been granted leave to amend their (third) complaint—while the plaintiffs in *Murphy* had not. Second, this Court did not rely on *Murphy* as its sole justification for dismissing Plaintiffs' claims with prejudice. Instead, the Court relied on its own discretion, and followed precedent providing that dismissal with prejudice is appropriate where amendment would be futile. *See* Dkt. 70 at 14 (citing *Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546, 559 (E.D. Pa. June 10, 2019)). Here, the Court correctly determined that amendment would be futile,

[4] Plaintiffs mention *Murphy v. Thomas Jefferson University Hospitals, Inc.*, No. CV 22-4674, 2023 WL 7017734, at *3 (E.D. Pa. Oct. 10, 2023) in their Background Facts and Conclusion, but neglect to address the case within their argument.

and thus dismissal with prejudice was neither inconsistent with *Murphy* nor clear error warranting reconsideration.

**CONCLUSION**

For the foregoing reasons, Tower Health respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration of the Court's order dismissing this case with prejudice.

Dated: May 22, 2024

Respectfully submitted,

By: /s/ Erin L. Leffler

Erin (Loucks) Leffler (PA ID No. 204507)
eleffler@shb.com
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Tel: (215) 278-2555 | Fax: (215) 278-2594

Jenn O. Hatcher (*pro hac vice*)
jhatcher@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547

Lindsey M. Knapton (*pro hac vice* forthcoming)
lknapton@shb.com
SHOOK, HARDY & BACON L.L.P.
1660 17th Street, Suite 450
Denver, CO 80202
Tel: (303) 285-5300 | Fax: (303) 285-5301

***Attorneys for Defendant Tower Health***

**CERTIFICATE OF SERVICE**

I, Erin L. Leffler, hereby certify that on May 22, 2024, on behalf of Defendant Tower Health, I filed the foregoing Response to Plaintiffs' Motion for Reconsideration by CM/ECF and served a true and correct copy by e-filing on the following counsel of record:

David J. Cohen (PA 74070)
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

***Attorneys for Plaintiffs***

By: */s/ Erin L. Leffler*
Erin L. Leffler