**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,**<br>**Plaintiffs,**<br>**v.**<br><br>**TOWER HEALTH,**<br>**Defendant.** | : | **Case No. 22-cv-4580-JFM** |

**REPLY IN SUPPORT OF**
**PLAINTIFFS' RECONSIDERATION MOTION**

Pursuant to this Court's Policies and Procedures, Civil Matters, § 9 ("Reply briefs are encouraged where thought to be helpful"), Patrick Santoro and Jessica Landis ("Plaintiffs") respectfully submit this Reply in support of their Reconsideration Motion. Plaintiffs make this filing to highlight that nothing in Defendant's Opposition changes the reality that this Court dismissed Plaintiffs' claims *with prejudice* before notifying them of any pleading deficiency, without giving them a chance to address any identified pleading deficiency, and despite the absence of record evidence proving their inability to plead any facts the Court considered material to their claims.

## ARGUMENT

### 1. The Procedural History Of This Action Did Not Put Plaintiffs On Notice This Court Would Find Their SAC Allegations Deficient

Defendant repeatedly suggests Plaintiffs "have been on notice of the deficiencies in their complaint for a year and a half," and knew they "should have included [more detailed allegations supporting their claims] in their initial pleading." Opposition, pp. 1, 7, 10-12 [Doc. 76]. These suggestions are inconsistent with the factual record.

After receiving Defendant's first Motion to Dismiss, Plaintiffs filed an Amended Complaint as a "matter of course" under Rule 15(a)(1)(B), without judicial intervention. Memo, p.3 [Doc. 73]. To address Defendant's arguments, the Amended Complaint added a 16-paragraph section in which Plaintiffs identified the information they entered on the MyTowerHealth patient portal and how they used the portal to communicate with doctors and office staff about personally-identifiable health information. Memo, pp. 3-4 [Doc. 73].

After receiving Defendant's second Motion to Dismiss, Plaintiffs filed an unopposed Motion for Leave to File a Second Amended Complaint ("SAC") [Doc. 38], which the Court approved. May. 23, 2023 Order [Doc. 39]. To address Defendant's new arguments, the SAC added a 12-paragraph section describing their communication of individually identifiable health information on Tower Health's website, including: their past, present, and future health conditions, their requests for information about specific Tower Health providers and locations, and their provision of information about specific health conditions, treatments, and medications. Memo at p. 5 [Doc. 73].

After receiving Defendant's third Motion to Dismiss, Plaintiffs filed an Opposition brief explaining how their factual allegations supported plausible ECPA, negligence and privacy claims by pleading facts to explain how the Meta Pixels on Defendant's website captured extensive individually identifiable health information, transmitted this information to Meta, and allowed Defendant and Meta to use this information for commercial purposes. *Id.* at p. 6.

During oral argument on March 13, 2024, for the first time, this Court questioned whether Plaintiffs had pled enough facts describing the specific health information at issue to support their claims. *Id.* at p. 7. On April 24, 2024, the Court dismissed all three of Plaintiffs' claims *with prejudice* for not having pled "the nature of the personal information allegedly captured by the

Meta Pixel" or "more factual details about the information captured by the Meta Pixel." Memorandum, pp. 1, 13 [Doc. 70]. Before receiving this ruling, Plaintiffs had no basis to know how the Court would rule on the sufficiency of their pleadings, what defects (if any) it might find in their SAC, or if it would require Plaintiffs to plead greater factual detail before proceeding with case discovery. As such, the Court's April 24, 2024 Opinion represented its first guidance to the Parties on all these issues and – because it concluded greater factual specificity was needed and identified the missing facts required to maintain Plaintiffs' claims – should have allowed Plaintiffs an opportunity to account for its analysis and correct these perceived deficiencies instead of dismissing their claims with prejudice. Memo at pp. 12-13 (citing cases) [Doc. 73].

**2. Plaintiffs Do Not Seek Reconsideration Based On "Newly Discovered Evidence"**

Defendant explains that parties can seek reconsideration of a judicial decision "to present newly discovered evidence," meaning "evidence that was not [previously] available." Opposition at p. 5 [Doc. 76]. Defendant then knocks down this "straw man" by mischaracterizing Plaintiffs' Reconsideration Motion as being based on "facts that Plaintiffs… had the whole time." *Id.* at pp. 5, 11-12 ("facts that Plaintiffs knew and simply failed to plead cannot form the basis for a motion for reconsideration").

To be clear, Plaintiffs did not ask the Court to reconsider its April 24, 2024 Order because of any newly discovered evidence. Instead, Plaintiffs submit reconsideration is appropriate:

1) because the Court held that "providing further leave to amend would be futile," *see* Apr. 24, 2024 Memorandum at pp. 1, 14 [Doc. 70], although no record evidence establishes that Plaintiffs are (or would be) unable to plead specific facts about their use of Defendant's website; [1] and

[1] *See* TAC, ¶¶ 9-18, 38-182, 200-248, 260-285, 289, 292, 294, 304 303, 307 [Doc. 73-2] (presenting new allegations that specifically describe the individual health information Plaintiffs

2) because the Court represented that dismissing Plaintiffs' claims with prejudice is "consistent" with the decision in Murphy although, in that case, Judge Schiller "granted [plaintiffs] leave to further amend their Amended Complaint to allege enough facts to state their claims," *cf.* Apr. 24, 2024 Memorandum at pp. 8, 10-12 [Doc. 70] *with* Murphy, 2023 WL 7017734, *8 (E.D. Pa. Oct. 10, 2023).

Where nothing in Plaintiffs' Motion suggests they are seeking reconsideration based on newly discovered evidence, Defendant's arguments against allowing reconsideration on this ground are irrelevant at best, and intentionally misleading at worse.

### 3. Plaintiffs' TAC Pleads Extensive, New Facts Describing The Basis For Their Claims, Including Those Facts The Court Specifically Identified As Material To Maintaining Their Claims

Defendant concludes that Plaintiffs' TAC still suffers from "a lack of specific allegations." Opposition at pp. 12-14 [Doc. 76]. Most of these allegedly "missing" facts – like "what did [Plaintiffs] do on the website," "what did they allegedly communicate to Tower Health," "how did those communications qualify as individually identifiable health information," and "whether they visited one webpage or multiple pages in a single browsing session" – are pled in the TAC, *so are not actually missing*. *See, e.g.*, TAC at ¶¶ 286-312 (Plaintiffs used Defendant's website to research providers, look for Defendant's locations close to their homes, schedule doctor's appointments, search for information relating to their medical conditions and treatments – including sleep apnea, irritable bowel syndrome, weight loss, and use of the drugs Viberzi and Ozempic – which included communicating their status as Tower Health patients, their IP addresses, Facebook IDs, cookie identifiers, device identifiers, account numbers, physical and virtual locations, medical conditions, treatments, and the Tower hospitals and providers near them, and also providing a non-exclusive

---

communicated on the Tower website, how this information was communicated to Meta, and how Meta used this information to send targeted spam and ads on Facebook related to Plaintiffs' medical conditions and treatments).

list of a dozen URLs Plaintiffs viewed during their browsing sessions that reveal specific buttons and links they clicked and forms they viewed containing their individually identifiable health information).

The few other facts Defendant claims are "missing" from the TAC, like "how long Plaintiffs were on the website" and "the dates Plaintiffs allegedly received targeted advertising," Opposition at p. 13 [Doc. 76], were not discussed during the hearing on Defendant's third Motion to Dismiss, were not identified as necessary in the Court's Opinion, are not material to Plaintiffs' claims, would not make Plaintiffs' claims more plausible, and (if they ultimately become relevant) should be available from Defendant and Meta in discovery – so are simply not relevant or necessary now.

## CONCLUSION

For the reasons stated above, Plaintiffs renew their request that the Court enter their proposed Order vacating the April 24, 2024 Order [Doc. 71], allowing Plaintiffs to file their Third Amended Complaint, and setting a schedule for Defendant's responsive pleading.

Respectfully Submitted,

Dated: May 28, 2024

*/s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (admitted pro hac vice)
James B. Zouras (admitted pro hac vice)
Teresa M. Becvar (admitted pro hac vice)
STEPHAN ZOURAS, LLP
222 W. Adams St., Suite 2020
Chicago, Illinois 60606
(312) 233-1550
*Plaintiff's Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served upon all record counsel by electronically filing said document *via* the Court's ECF system on May 28, 2024.

*/s/ David J. Cohen*