**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,**<br>**Plaintiffs,**<br>**v.**<br><br>**TOWER HEALTH,**<br>**Defendant.** | : | **Case No. 22-cv-4580-JFM** |

## SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' RECONSIDERATION MOTION

Patrick Santoro and Jessica Landis ("Plaintiffs") respectfully submit this Notice in further support of their Reconsideration Motion [Doc. 72].

On April 24, 2024, this Court entered a Memorandum Opinion that, despite acknowledging "plaintiffs' general concern is not frivolous," dismissed Plaintiffs' claims with prejudice because it found the Second Amended Complaint should have provided "specific examples of what HIPAA-protected information from plaintiffs was transferred to Meta," and concluded "[t]he facts simply aren't there, and therefore, amendment would be futile." Apr. 24, 2024 Memorandum, pp. 1, 7, 14 [Doc. 70].

On May 9, 2024, Plaintiffs filed a Reconsideration Motion and Third Amended Complaint ("TAC"). [Docs. 72-73]. This filing addressed the Court's desire for greater factual specificity by demonstrating Plaintiffs' ability to plead specific additional details about their use of Defendant's website, including: the information they communicated about their medical conditions, the URLs they viewed that contained their personally identifiable health information, and the targeted spam and ads they received relating to these same medical conditions. *See* TAC, ¶¶ 205, 260-273, 289, 294, 303, 307 [Doc. 73-2]. These allegations, viewed together and in light of this Court's guidance, describe how Defendant used Meta Collection Tools to intercept specific, statutorily protected,

health information from Plaintiffs' communications on its website and disclosed this information to Meta for commercial benefit.

Just two days ago, on September 9, 2024, U.S. District Judge Virginia Kendall issued a memorandum opinion denying a healthcare defendant's motion to dismiss ECPA and negligence claims pled in a virtually-identical class action lawsuit alleging the surreptitious collection and disclosure of patient information to third parties using website tracking technologies. *See A.D. v. Aspen Dental Mgmt., Inc.*, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024) (Exhibit A). The *Aspen Dental* opinion is relevant to Plaintiffs' Reconsideration Motion, because its reasoning equally supports the adequacy of Plaintiffs' ECPA and negligence allegations and the viability of these claims. *Aspen Dental*, 2024 WL 4119153 at *2-3 & 9.

Concerning the ECPA claim, Judge Kendall concluded that the plaintiffs adequately plead a violation of HIPAA based on the defendant's disclosure of protected health information, *id*. at *2-3, which was accomplished using the same technology Plaintiffs allege Jefferson Health deployed on its Web Properties and Defendant does not deny using. Judge Kendall further held that the plaintiffs adequately plead facts supporting application of the crime-tort exception because the purpose "cannot be detached from the reality that Aspen achieved this improved marketing and revenue boost by disclosing Plaintiffs IIHI." *Id.* at *3. Thus, financial motivation is sufficient to invoke the crime-tort exception of the ECPA when the underlying conduct violates HIPAA. *Id.*

Concerning the negligence claim, Judge Kendall concluded that the defendant assumed a duty to exercise reasonable care by making representations that it would not disclose plaintiffs' private information without their consent. *Id.* at *9. Because the complaint alleged, as in this case, that the defendant disseminated the plaintiffs' personal information without consent, their complaint alleged a plausible duty to prevent the disclosure of private health information. *Id.*

In sum, Judge Kendall's opinion in *A.D. v. Aspen Dental Mgmt., Inc.* provides this Court with additional grounds to allow reconsideration and permit Plaintiffs to pursue the plausibly-pled ECPA and negligence claims in their Third Amended Complaint.

Respectfully Submitted,

Dated: September 11, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLC**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: September 11, 2024 /s/ *David J. Cohen*