**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,** **Plaintiffs,** v. **TOWER HEALTH,** **Defendant.** | : : : : : : : : | **Case No. 22-cv-4580-JFM** |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**CONCERNING PLAINTIFFS' RECONSIDERATION MOTION**

Patrick Santoro and Jessica Landis ("Plaintiffs") respectfully submit this Response to Defendant's Notice of Supplemental Authority [Doc. 79], answering Defendant's suggestion that *American Hospital Association v. Becerra*, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("*Becerra*") and *T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 3972984, *2 (N.D. Ga. Aug. 28, 2024) ("*Piedmont Healthcare*") weigh against a grant of reconsideration.

**1. *Becerra* has no bearing on Plaintiffs' claims, so does not provide a sound basis to deny reconsideration**

Defendant argues against reconsideration of the Order dismissing Plaintiffs' claims, citing the decision in *Becerra*, 2024 WL 3075865, a recent, novel, and otherwise uncorroborated decision from the Northern District of Texas. *See* Notice, pp. 1-3 [Doc. 79-2]. Defendant argues *Becerra* has "vacated portions of the OCR bulletin relating to the use of website tracking tools on non-authenticated websites," suggesting this matters because Plaintiffs' allegations "rely heavily on OCR's bulletin." *Id.* Defendant makes this argument despite knowing that Plaintiffs' TAC mentions or references the "OCR Bulletin" in no more than ten paragraphs of a 400-paragraph filing, *see* TAC at ¶¶ 27-28 and 188-195 [Doc. 73-2], and that the OCR bulletin has nothing to do with any of their claims, or their elements. *Id.* at ¶¶ 330-397 (ECPA, privacy and

negligence allegations).

In *Becerra*, the court evaluated whether the Department of Health and Human Services ("HHS") exceeded its authority when it issued guidance (the December 2022 "Original Bulletin" and March 2024 "Revised Bulletin") relating to the situation where an online technology connects an individual's IP address with a visit to an unauthenticated public website addressing specific health conditions or healthcare providers (the "Proscribed Combination"). *Becerra,* 2024 WL 3075865, *2. *Becerra* focuses on whether this "Proscribed Combination" is an example that highlights existing privacy concerns reflected in the HIPAA Privacy Rule, as HHS contended, or suggested a new obligation, as the plaintiff healthcare entities contended. *Id.* at *6.[1]

By contrast, Plaintiffs' claims in this case do *not* focus on their use of unauthenticated or public websites and the concomitant disclosure of their IP addresses. Instead, Plaintiffs' claims challenge Defendant's use of tracking technologies to collect and disclose their Private Information to third parties without their consent. *See* TAC at ¶¶ 330-397 (pleading that Defendant intentionally installed tracking technology on the Tower Health website to disclose the content of Plaintiffs' protected communications to third parties without consent, in violation of HIPAA, multiple duties of care, and Plaintiffs' justifiable expectation of privacy).

*Becerra* does not diminish Defendant's obligation to protect its Website Users' private information, give Defendant free reign to collect and disclose private information to third parties as it wishes, or create any legal exception for companies that disclose users' private information without their consent. Instead, *Becerra* reinforces virtually all aspects of the OCR Guidance – including principles that users have a reasonable expectation of privacy when they search for

[1] "Much hinges on that distinction. If the Proscribed Combination isn't IIHI, the Privacy Rule doesn't apply. On the other hand, if the Proscribed Combination constitutes IIHI, covered entities have a host of legal obligations to ensure HIPAA compliance. And if the Proscribed Combination is novel, as the Hospitals contend, then these legal obligations are necessarily new" (cleaned up).

conditions and treatments related to their medical care, book appointments, or pay medical bills and that using tracking technologies to share private information with third parties violates privacy rights. *Becerra,* 2024 WL 3075865 at *2, 4 and (n.3).[2] Because *Becerra* does not change any fact or issue at the heart of Plaintiff's ECPA claim, it is simply not relevant to Plaintiffs' reconsideration request.

**2. *Piedmont Healthcare* does not engage in any factual or legal analysis of any issue presented by Plaintiffs' claims and mistakenly cites many cases for holdings they do not present, so does not merit this Court's consideration or deference**

*Piedmont Healthcare* is similarly uninformative to this Court's reconsideration decision. In *Piedmont Healthcare*, a decision from the Northern District of Georgia, the court dismissed the plaintiff's invasion of privacy claim in conclusory fashion, without any discussion of the relevant facts or legal analysis, merely citing five district court decisions from different states and concluding: "cases like this have sprouted like weeds in recent years. In the Court's view, it seems that the weight of authority in similar pixel tracking cases is now solidly in favor of [the hospital]'s argument." *Piedmont Healthcare*, 2024 WL 3972984 at *2. The *Piedmont Healthcare* court's failure to discuss or analyze the procedural posture, factual allegations, or legal issues presented by the plaintiffs' privacy claims – either in the case before it, or the others it cites – seriously limit its usefulness as a guide for this Court's privacy analysis.

Furthermore, although the court cites five cases supporting its dismissal of the plaintiffs' privacy claims,[3] three of these cases (*Nienaber, Okash*, and *In re Grp. Health Plan Litig.*) actually

[2] Furthermore, *Becerra* has no impact on the Federal Trade Commission bulletin on the same topics, or on the FTC's numerous enforcement actions against healthcare providers for committing the same acts at issue here. *See* SAC at ¶¶ 128-130 (discussing FTC bulletin and enforcement actions) [Doc. 39].

[3] *Nienaber v. Overlake Hosp. Med. Ctr.*, 2024 WL 2133709 (W.D. Wash. May 13, 2024); *Okash*

undermine its suggestion that privacy claims do not belong in pixel litigation. *See Nienaber*, 2024 WL 2133709 at *18 (allowing leave to amend privacy claim); *Okash*, 2024 WL 1285779 at *7 (same); *In re Grp. Health Plan Litig.*, 2023 WL 8850243 at *5 (plaintiffs adequately alleged that embedding pixels on defendant's website was an intentional invasion of privacy supporting their privacy claim).

Nor is the *Piedmont Healthcare* court's ECPA holding any more instructive or useful. *Piedmont Healthcare* acknowledges the ECPA's "crime-tort exception," and that the plaintiffs have pled "Piedmont acted with criminal and tortious intent in 'wiretapping' their PII and PHI." However, as above, the court dismissed the plaintiff's ECPA claim in conclusory fashion, without any discussion of the relevant facts or legal analysis, merely citing seven district court decisions from different states and concluding: "As was the case in the invasion of privacy context, the weight of persuasive authority in similar pixel tracking cases supports Piedmont's position." *Piedmont Healthcare*, 2024 WL 3972984 at *4. The *Piedmont* court's failure to discuss or analyze the procedural posture, factual allegations, or legal issues presented by the plaintiffs' ECPA claims – either in the case before it, or the others it cites – render it useless as a guide in this Court's analysis.

Furthermore, three of the seven cases *Piedmont Healthcare* cites in dismissing the plaintiff's ECPA claim granted leave to amend this claim.[4] and the remaining cases did not result in an across-the-board dismissal of all claims as the *Piedmont Healthcare* court chose to do

---

*v. Essentia Health*, 2024 WL 1285779 (D. Minn. Mar. 26, 2024); *Allen v. Novant Health, Inc.*, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023); *In re Group Health Plan Litig.*, 709 F. Supp. 3d 707 (D. Minn. 2023); *Kurowski v. Rush System for Health*, 659 F. Supp. 3d 931 (N.D. Ill. 2023).

[4] *See Okash v. Essentia Health*, 2024 WL 1285779, *7 (D. Minn. Mar. 26, 2024) (granting leave to amend ECPA claim); *Nienaber*, 2024 WL 2133709 at *18 (same); *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1273 (N.D. Cal. 2001) (same).

regardless of the result reached in the other decisions it cites. *See In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125 (3d Cir. 2015) (vacating dismissal of plaintiffs' privacy claims); *Allen*, 2023 WL 5486240 at *6 (M.D.N.C. Aug. 24, 2023) (denying motion to dismiss plaintiffs' breach of implied contract, and breach of fiduciary duty claims); *Kurowski*, 659 F. Supp. 3d at 942-43 (denying motion to dismiss plaintiffs' deceptive trade practices claims). Another case *Piedmont Healthcare* cites – this case against Tower Health – provides an excellent example of that court's lack of rigor, since, had it cared to look, it would have seen Plaintiffs' pending Motion and realized this Court's dismissal holding is not a good example of settled decisional law. Because *Piedmont Healthcare* represents a particularly lax attempt at factual or legal analysis of the relevant issues and appears to rely on incorrect assumptions about cited precedent, it does not merit this Court's consideration or deference in analyzing Plaintiffs' reconsideration request.

Respectfully Submitted,

Dated: September 20, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLC**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Michael Casas (*pro hac vice*)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: September 20, 2024 /s/ *David J. Cohen*