**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SANTORO and JESSICA LANDIS,**<br>**Plaintiffs,**<br>**v.**<br><br>**TOWER HEALTH,**<br>**Defendant.** | : | **Case No. 22-cv-4580-JFM** |

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF PLAINTIFFS' RECONSIDERATION MOTION**

Patrick Santoro and Jessica Landis ("Plaintiffs") respectfully submit this Notice in further support of their Reconsideration Motion [Doc. 72].

On April 24, 2024, this Court entered a Memorandum Opinion that, despite acknowledging "plaintiffs' general concern is not frivolous," dismissed Plaintiffs' claims with prejudice because it found the Second Amended Complaint should have provided "specific examples of what HIPAA-protected information from plaintiffs was transferred to Meta," and concluded "[t]he facts simply aren't there, and therefore, amendment would be futile." Apr. 24, 2024 Memorandum, pp. 1, 7, 14 [Doc. 70].

On May 9, 2024, Plaintiffs filed a Reconsideration Motion and Third Amended Complaint ("TAC"). [Docs. 72-73]. This filing addressed the Court's desire for greater factual specificity by demonstrating Plaintiffs' ability to plead specific additional details about their use of Defendant's website, including: the information they communicated about their medical conditions, the URLs they viewed that contained their personally identifiable health information, and the targeted spam and ads they received relating to these same medical conditions. *See* TAC, ¶¶ 205, 260-273, 289, 294, 303, 307 [Doc. 73-2]. These allegations, viewed together and in light of this Court's guidance, describe how Defendant used Meta Collection Tools to intercept specific, statutorily protected,

health information from Plaintiffs' communications on its website and disclosed this information to Meta for commercial benefit.

Today, E.D. Pa. District Judge Cynthia Rufe issued a Memorandum Opinion denying a local healthcare system's motion to dismiss ECPA, negligence, and privacy claims pled in a virtually-identical class action lawsuit alleging the surreptitious collection and disclosure of patient information to third parties using website tracking technologies. *See Murphy v. Thomas Jefferson University Hospitals, Inc.*, E.D. Pa. Case No. 22-cv-4674, Sept. 30, 2024 Opinion (Exhibit A). *Murphy* is relevant to Plaintiffs' Reconsideration Motion in this case, because it contains extensive reasoning that supports both the adequacy and viability of Plaintiffs' ECPA, negligence, and privacy claims. *Murphy,* Sept. 30, 2024 Opinion at pp. 5-9 (ECPA claim), pp. 11-12 (negligence claim), pp. 12-14 (privacy claim) (Exhibit A).

**1. *Murphy* Suggests Plaintiffs' ECPA Claim is Sufficient**

Judge Rufe concluded that the plaintiffs before her adequately plead an ECPA violation based on allegations describing the defendant's transmission of protected health information:

> Plaintiffs now adduce additional facts to support their ECPA claim. Specifically, Plaintiffs allege that Defendant transmitted Plaintiffs' communications relating to appointments with medical providers, relating to specific healthcare providers, conditions, treatments, diagnoses, prognoses, prescription drugs, symptoms, insurance, and payment information, as well as messages exchanged in the patient portals. Plaintiffs additionally allege that these communications and data were used by Meta to serve Plaintiffs advertisements for prescription drugs related to their health conditions in addition to advertisements focused on their status as patients of Jefferson Health. By alleging that Defendant was able to collect and transmit this information using the Meta Collection Tools on Defendant's online portal and Mobile Application, Plaintiffs have sufficiently pleaded that Defendant intercepted contents of Plaintiffs' communications under the meaning of the ECPA.

*Id.* at pp. 7-8 (Exhibit A). These allegations are found throughout Plaintiffs' TAC, and particularly at ¶¶ 286-312 (describing Plaintiffs' specific communications on the Tower Health website, the URLs they viewed, the searches they made, and the related advertisements they received after engaging in these communications) [Doc. 73-2].

Judge Rufe further held that the plaintiffs before her adequately plead facts supporting application of the crime-tort exception because:

> HIPAA makes it a federal crime to knowingly disclose IIHI to third parties… Plaintiffs allege that Defendant intercepted Plaintiffs' IIHI for the intended use of disclosing the information to Meta, which is a HIPAA violation and therefore prohibited by federal law. If Plaintiffs' allegations are to be taken as true, which the Court must do at the motion to dismiss stage, Defendant at minimum intended to violate HIPAA with the disclosure of Plaintiffs' IIHI to Meta.

*Id.* at pp. 8-9 (Exhibit A). Allegations that Defendant's conduct satisfies the ECPA crime-tort exception are found throughout Plaintiffs' TAC, and particularly at ¶¶ 346 (alleging Tower Health violated HIPAA "by intentionally disclosing individually identifiable health information without authorization") [Doc. 73-2].

Finally, in response to the defendant's argument that "financial motives are not sufficient to prove an intent to tortiously injure Plaintiffs," Judge Rufe held: "Plaintiffs need not plead financial motive to invoke the crime-tort exception as they have already sufficiently pleaded Defendant's intention to violate HIPAA." *Id.* at p. 9 (Exhibit A).

**2. *Murphy* Suggests Plaintiffs' Negligence Claim is Sufficient**

Concerning the negligence claim, Judge Rufe held the plaintiffs before her plausibly alleged both "the existence of a duty of care" and resulting damages, "including in particular damages occurring from the loss of value of Plaintiffs' IIHI [based on] the property value of personal information." *Murphy*, Sept. 30, 2024 Opinion at pp. 11-12 (Exhibit A). Similar

allegations that Defendant breached multiple duties of care to Plaintiffs and caused damages, including losses linked to the property value of their personal information, are found throughout Plaintiffs' TAC, and particularly at ¶¶ 362-370 (duty allegations), ¶¶ 219-248, 372 (damage allegations) [Doc. 73-2].

**3. *Murphy* Suggests Plaintiffs' Privacy Claim is Sufficient**

Concerning the privacy claim, Judge Rufe cited controlling Third Circuit precedent holding: "a website operator commits an intentional intrusion where the website operator tracks plaintiffs' online behavior 'without their permission to do so'" and held the plaintiffs' allegations sufficient. *Murphy*, Sept. 30, 2024 Opinion at p. 13 (Exhibit A), *citing In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 293–94 (3d Cir. 2016). Judge Rufe expressly rejected the defendant's argument that its collection and disclosure of data to third parties were "routine commercial behavior" holding: "the website stated [defendant] would not collect personal information [and] Defendant's status as a healthcare provider, coupled with the Privacy Policies, created an expectation of privacy that would be 'highly offensive' to breach." *Murphy*, Sept. 30, 2024 Opinion at p. 13 (Exhibit A). Plaintiffs' TAC similarly pleads that Defendant's conduct was highly offensive because of its status as a healthcare provider, its policies promising to keep patients' health information private, and its failure to secure patients' permission to track their online behavior. *See* TAC at ¶¶ 1-10, 19-30, 183-187, 254-259, 293, 306, 376-395 [Doc. 73-2].

**4. Conclusion**

In sum, Judge Rufe's opinion in *Murphy* provides this Court with ample, persuasive, and well-reasoned grounds to allow reconsideration and permit Plaintiffs to pursue the plausibly-pled ECPA, negligence, and privacy claims in their Third Amended Complaint.

Respectfully Submitted,

Dated: September 30, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLC**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: September 30, 2024 /s/ *David J. Cohen*